## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRANDON JAMERSON,

      Petitioner,

      v.                                   CASE NO.  22-3179-JWL-JPO

(FNU) HUDSON, Warden,
USP-Leavenworth,

      Respondent.

### MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is confined at USP-Leavenworth in Leavenworth, Kansas.  Petitioner challenges the calculation of his federal sentence.  The Court dismisses the Petition for failure to exhaust administrative remedies.

## I.  Background

Petitioner is incarcerated with the BOP and is housed at USP-Leavenworth in Leavenworth, Kansas.  Petitioner was sentenced in the Western District of Arkansas and is currently serving a sentence of 100 months for Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and has a projected release date of April 18, 2024.  (Doc. 10–1, Declaration of H. Degenhardt ("Degenhardt decl."), ¶ 3; Doc. 10–1, at 7–8.)

Petitioner filed the instant § 2241 petition alleging that all of his prior jail time has not been properly credited toward his federal sentence.  (Doc. 1, at 8.)

## II.  Discussion

To obtain habeas corpus relief, an inmate must demonstrate that "[h]e is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate when a prisoner challenges the execution of his sentence rather than the validity of his conviction or sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

Federal prisoners proceeding under § 2241 must exhaust their available administrative remedies. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement.") (citation omitted)). The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Id.* at 90.

The BOP's four-part administrative remedy program is codified at 28 C.F.R. § 542. *See also* Program Statement 1330.18, *Administrative Remedy Program* (Doc. 10–1, at 10–25). The program is designed to address a federal inmate's concerns regarding any aspect of his or her confinement. Degenhardt decl., at ¶ 4. The policy affords inmates confined in federal institutions the opportunity to voice their grievances and provides staff an opportunity to resolve issues in-house prior to an inmate seeking relief through the judicial system. *Id*.

The administrative remedy program requires an attempt at the informal resolution of a grievance followed by formal grievances addressed at the institutional, regional, and national levels. The BOP's administrative remedy process involves four steps:

> First, the inmate raises an informal complaint to BOP staff, who "shall attempt to informally resolve the issue." 28 C.F.R. § 542.13(a). Second, the inmate files an Administrative Remedy Request, or BP-9 form, with the warden. § 542.14(a). Third, the

inmate appeals to the regional director through a BP-10 form, which must be accompanied by "one complete copy or duplicate original" of the BP-9 and the warden's response. § 542.15(a), (b)(1). Fourth, the inmate appeals to the general counsel at the central office with a BP-11 form that must also be accompanied by "one complete copy or duplicate original of the institution and regional filings"—i.e., the BP-9 and BP-10 forms—"and their responses." § 542.15(a), (b)(1).

*Fernandez-Perez v. Greilick*, No. 21-1116, 2021 WL 4515253, at *1 (10th Cir. 2021) (unpublished).  Exhaustion requires completing all levels of review.  *See Woodford*, 548 U.S. at 90 (finding that exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)") (citation omitted)).  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

Respondent alleges that Petitioner failed to fully exhaust administrative remedies before filing this action.  Petitioner filed administrative remedy #1125828-F1 at USPL concerning a request for a nunc pro tunc order as to credit.  Degenhardt decl., ¶ 10.  The administrative remedy was denied by Warden Hudson on August 23, 2022.  *Id*. at ¶ 11.  Petitioner submitted an administrative remedy appeal to the regional office, which was received on September 12, 2022.  *Id*. at ¶ 12.  At the time Respondent filed the answer, the appeal was still pending, with a response due to Petitioner by October 28, 2022.  *Id*.  After Petitioner receives a response, or the time for a response lapses, he may then file an appeal to the Central Office.  *Id*.  Exhaustion would not be complete until Petitioner receives a formal response from the Central Office.  *Id*.

Petitioner states that he should be excused from exhausting his administrative remedies because the effort would be futile.  (Doc. 11, at 1.)  Although exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, a narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion would be futile.

*Daybell v. Davis*, 366 F. App'x. 960, 962 (10th Cir. 2010) (unpublished) (citations omitted); *see Garza*, 596 F.3d at 1203 (recognizing "narrow exception to the exhaustion requirement" when "petitioner can demonstrate that exhaustion is futile"). Petitioner attaches citations suggestion that exhaustion would be futile because the delay would destroy any hope of receiving twelve months in an RRC. (Doc. 11–1, at 3.)

The petitioner in *Garner* argued that the Court should waive the exhaustion requirement because the delay caused by exhaustion would deprive him of the opportunity to receive a full twelve-month placement in an RRC. *Garner v. United States*, Case No. 21-3138-JWL, 2021 WL 3856618, at *2 (D. Kan. Aug. 30, 2021). This Court held that:

> similar arguments regarding the timing of administrative review have been rejected. In *Salters v. Hudson*, this Court rejected petitioner's argument that exhaustion should be excused because it would take too long and cause irreparable harm. *Salters*, 2020 WL 3960427, at *3. The Court noted that a similar argument was rejected in *Gaines v. Samuels*, where petitioner argued that requiring full exhaustion would deprive him of time in an RRC. *Id.* (citing *Gaines v. Samuels*, No. 13-3019-RDR, 2013 WL 591383, at *2 (D. Kan. Feb. 14, 2013) (finding no extraordinary circumstance to warrant waiver of exhaustion requirement); *see also McIntosh v. English*, No. 17-3011-JWL, 2017 WL 2118352 (D. Kan. May 16, 2017)). The Court noted in *Gaines* that "[t]he Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies." *Id.* (citing *Gaines*, 2013 WL 591383, at *2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494–95 (1973))); *see also Koger v. Maye*, No. 13–3007–RDR, 2013 WL 591040, at *2–3 (D. Kan. Feb. 14, 2013) (rejecting a similar argument and finding that "exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will not obtain relief on administrative appeal before the final year of his sentence ... [t]he twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum.").

*Garner*, 2021 WL 3856618, at *3; *see also Samples v. Wiley,* 349 F. App'x 267, 269 (10th Cir. 2009) (unpublished) (finding futility argument not supported by contention that administrative

process is too slow and it was unlikely the BOP procedure would be completed by the date on which petitioner would have needed to be transferred to an RRC in order to receive a twelve-month RRC placement).

Petitioner has not shown that exhaustion would be futile or that the Court should waive the exhaustion requirement.  The exhaustion requirement allows the BOP "an opportunity to correct its own mistakes . . . before it is haled into federal court" and it discourages "disregard of [the agency's] procedures." *Woodford*, 548 U.S. at 89 (quotations omitted). The Court is therefore dismissing the Petition without prejudice to refiling after Petitioner fully exhausts his administrative remedies.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice** for failure to exhaust administrative remedies.

**IT IS SO ORDERED**.

**Dated December 1, 2022, in Kansas City, Kansas.**

**S/   John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**